United States District Court
Southern District of Texas
**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERON LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4474 |
| | § | |
| OFFICER MARTINEZ, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Plaintiff, a pretrial detainee in custody of the Harris County Sheriff's Office at the time of filing, filed a *pro se* civil complaint against a Harris County Jail employee for the alleged violation of his constitutional rights. On June 9, 2026, the Court ordered plaintiff to submit a copy of his inmate trust account statement in support of his application to proceed *in forma pauperis*. To-date, plaintiff has failed to comply with the order.

Moreover, public online records for the Harris County Sheriff's Office show that plaintiff is no longer in custody of the Harris County Sheriff's Office. The docket in this lawsuit shows that plaintiff has not notified the Court of a new address of record. Under Local Rule 83.4 for the United States District Court for the Southern District of Texas, "Notices will be sent only to the address on file. A lawyer or *pro se* litigant is responsible for keeping the clerk advised in writing of the current address."

In absence of a current address for plaintiff, this lawsuit cannot go forward. Plaintiff's failure to advise the Court of his current address leads the Court to conclude that he lacks due

diligence or no longer intends to prosecute this case. Dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (holding that a district court may dismiss an action *sua sponte* for plaintiff's failure to prosecute or to comply with a court order).

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for want of prosecution. All pending motions are **DISMISSED AS MOOT**. Plaintiff may seek relief from this order under Federal Rule of Civil Procedure 60(b) if he can show good cause for failing to advise the Court of his current address and to file a notice of change of address. Any Rule 60(b) motion must be accompanied by payment of the $405.00 filing fee or an updated application to proceed *in forma pauperis* with a copy of plaintiff's current inmate trust account statement if he is in custody of a custodial facility.

Signed at Houston, Texas, on this the 16th day of July, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE